## OVERLOCK *vs.* HILLS.

Where a creditor received of his debtor the note of a third person as collateral security, which he promised to use all reasonable means to collect, and to account for; and afterwards the principal debt was otherwise paid ; it was held that he was thereby absolved from all further obligation to collect the note, thus deposited with him, and was bound to return it to the owner.

THIS case, which was *assumpsit*, came up by exceptions taken to the opinion of *Perham J.* before whom it was tried in the court below.

The plaintiff and one *Matthews*, being joint promissors in a note made payable to the defendant on the 20th day of *April*, 1829, the plaintiff delivered to the defendant, as collateral security, a note which he held against one *Robbins*, taking the plaintiff's written promise " to take all reasonable means to collect the same, and to account for what may be collected," &c. *Robbins* had been for seven or eight years, and still was resident at *Miramichi*, in the British Province of New Brunswick. In *March*, 1830, the plaintiff complaining that no diligence had been used to collect the amount of *Robbins*, and the note given by the plaintiff and *Matthews* to the defendant being about to become due, the defendant agreed that if the plaintiff would obtain a new note for the amount, signed by *Cutler* and *Harding*, he would give up the *Robbins* note,

and the note signed by the plaintiff and *Matthews*, the plaintiff agreeing to give up the obligation aforesaid. Such a note was accordingly procured and sent to the defendant by *Matthews*; who, however, did not carry the defendant's obligation, and had no orders to ask for *Robbins's* note; and the defendant accepted the note sent, and delivered up that of the plaintiff and *Matthews*. This was done in two or three weeks after the agreement in *March*. In *June* following, the defendant sent *Robbins's* note to *Miramichi* for collection. And on the 1st day of *December*, 1830, the plaintiff tendered to the defendant his obligation, and demanded *Robbins's* note; which the defendant said he could not deliver, having sent it out of the country in *June* preceding, to be presented for payment. The action was brought upon the obligation or agreement of *April* 29, 1829; and the breach alleged was that the defendant had not accounted for the note, but had refused to deliver it up when demanded, after having compelled the plaintiff to pay the principal debt. The defendant produced *Robbins's* note at the trial, and offered it to the plaintiff, but it was not accepted.

The defendant's counsel requested the Judge to instruct the jury that he had a right to send the note to *Miramichi* at any time while his written promise remained in the hands of the plaintiff; that the plaintiff, to entitle himself to the note at any time prior to its being sent away, was bound to have tendered to the defendant his said obligation; and that the defendant had a right to consider the contract as subsisting in force, till it was returned to him. This the Judge declined to do. But he instructed the jury that if they believed that the defendant agreed and promised to deliver up the note of *Robbins*, upon receiving that of *Cutler* and *Harding* in lieu of the plaintiff's, then they ought to find for the plaintiff. But if they should not find such an agreement, they would inquire whether a reasonable time to obtain *Robbins's* note and return it to the plaintiff, had elapsed from the 1st day of *December*, 1830, when it was demanded, till the time of commencing the action; and if it had not, then to find for the defendant. On returning a verdict for the plaintiff, and being interrogated by the Judge at the defendant's

request, they said they had found the agreement to deliver up the note, as stated ; and therefore had not inquired as to the reasonableness of the time.

The defendant took exceptions to the refusal of the Judge to give the desired instructions.

*A. Smith*, for the plaintiff.

*Allen*, for the defendant.

Parris J. delivered the opinion of the Court, at the ensuing term in *Kennebec*.

The defendant in *April*, 1829, when he received the *Robbins* note, promised to take all reasonable means to collect it, and to account for what might be collected, after paying the costs, on a note given him by the plaintiff and *Matthews*.

The *Robbins* note was then due, and *Robbins*, himself, was at *Miramichi*, in the Province of New Brunswick, where he had resided seven or eight years.

In *March*, 1830, the defendant, having the *Robbins* note in his possession, made a further agreement, as found by the jury, that he would deliver up that note on receiving another signed by *Harding* and *Cutler*, which, as appears by the testimony of *Cutler* reported in the case, was procured by *Matthews* and sent to the defendant some time in *April*, 1830, and was by him received in pursuance of the latter agreement.

The defendant having accepted *Harding* and *Cutler's* note in payment of that which he had against the plaintiff and *Matthews*, ought not to be permitted longer to hold the *Robbins* note, under the original agreement. That was manifestly received as collateral security, and when the principal debt was discharged, the collateral or pledge ought clearly to be given up, independant of any agreement to that effect  But the jury have settled the fact, that there was such an agreement. The agreement was in *March* ;—the condition, upon which it was to be returned, was performed and accepted in *April*, and from that time the defendant's lien upon the *Rob-*

*bins* note ceased, and he held it subject to the demand of the plaintiff.

The argument, that the defendant was liable on his promise to take all reasonable means to collect the *Robbins* note, and therefore, that he had a right to control it until his receipt was tendered, is inconsistent with his preceding conduct, as well as his agreement found by the jury. He received the note in *April*, 1829, and then made the written agreement under which he attempts to shield himself. After keeping it for nearly a year, without using any means to collect it, he agrees to return it, upon receiving other satisfactory security. That is procured, he accepts it, and immediately, according to his own account, begins, for the first time, to "take reasonable means to collect" the *Robbins* note, by sending it to *Miramichi*. His interest in that note had ceased, the debt for which it was pledged having been paid; he had agreed to return it; and if, after this, by sending it away, he put it out of his power to return it, he did what his original agreement did not, at that time require; what his subsequent agreement forbid; and what the law will not justify.

*Judgment affirmed.*